IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CR-183-BO-1
NO. 5:15-CV-75-BO

| | |
|---|---|
| CORBY MONTRELLE BRIDGERS, ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> Respondent. ) | ORDER |

This matter is before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 123] and the government's motion to dismiss [DE 129]. Petitioner has responded, and the matter is ripe for ruling. For the following reasons, the government's motion to dismiss is GRANTED and petitioner's § 2255 is DISMISSED.

BACKGROUND

On September 24, 2013, petitioner pled guilty pursuant to a written plea agreement to one count of conspiracy to distribute and possess with the intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. §§ 841 (a)(1) and 846, and one count of possessing a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c). [DE 51, 52]. On March 6, 2014, Mr. Bridgers was sentenced to 150 months on the narcotics charge followed by a consecutive 60 months on the § 924(c), resulting in a total term of 210 months' imprisonment. [DE 94, 95]. Mr. Bridgers did not appeal, and his judgment became final on March 7, 2015. *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (holding that a conviction becomes final the date judgment is entered by the district court in the absence of an appeal).[1]

---

[1] The Court recognizes that *Clay v. United States*, 537 U.S. 522 (2003) implies that a conviction becomes final upon expiration of the time for filing an appeal. Here, that date would be March

On March 2, 2015, petitioner filed the instant motion under 28 U.S.C. § 2255. First, Mr. Bridgers asserts that he is actually innocent of his conviction under § 924(c). Second, Mr. Bridgers asserts that the Court made several errors in calculating his guideline range; specifically in calculating the heroin weight attributed to petitioner, applying a leadership enhancement, and in calculating petitioner's criminal history category. Third, Mr. Bridgers claims that his trial counsel was ineffective for 1) advising him to enter a guilty plea; 2) failing to argue that he was not criminally liable under § 924(c); 3) failing to challenge his criminal history category and the leadership enhancement at sentencing; 4) failure to obtain records to challenge the drug weight attributable to him; and 5) failure to challenge the use of drugs other than heroin to calculate the advisory guideline range.

## DISCUSSION

The government contends that the Court should dismiss petitioner's § 2255 pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim under which relief can be granted. "To survive a motion to dismiss pursuant to Rule 12(b)(6), [petitioner's[ '[f]actual allegations must be enough to raise a right to relief above the speculative level,' thereby 'nudg[ing] their claims across the line from conceivable to plausible.'" *Aziz v. Alcolac Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Under § 2255(b), [u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court must grant a prompt hearing to determine the issues and make findings of fact and conclusions of law with respect thereto." *United States v. Thomas*, 627 F3d 534, 539 (4th Cir. 2010) (internal quotation omitted).

---

21, 2015. However, the Fourth Circuit has not explicitly overruled *Sanders*. Accordingly, this Court follows *Sanders*, although it is irrelevant in this case, because Mr. Bridgers's motion to vacate is timely under either *Clay* or *Sanders*.

1. Actual Innocence

Mr. Bridgers claims that he is innocent of the § 924(c) conviction in light of the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995). As he did not appeal his conviction, this claim is procedurally defaulted. *Bousley v. United States*, 523 U.S. 6154, 522 (1988) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause and actual 'prejudice' . . . or that he is actually innocent."); *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010) (barring defendant from addressing issues on collateral review that he did not raise on direct appeal). Mr. Bridgers has not alleged cause and prejudice, and he cannot rely on *Bailey* to demonstrate innocence. *Bailey* dealt with a version of the § 924(c) statute that "prohibited only using or carrying a firearm 'during and in relation to' a crime of violence or drug trafficking." *United States v. Lomax*, 293 F.3d 701, 704 (4th Cir. 2002). The *Bailey* Court held that conviction required "evidence sufficient to show active employment of the firearm by the defendant," and noted that if "Congress intended possession alone to trigger liability under § 924(c)(1), it could easily have so provided." *Bailey*, 516 U.S. at 143. Following *Bailey*, Congress amended § 924(c) to criminalize mere possession "in furtherance of" a crime of violence or drug trafficking crime. *Lomax*, 293 F.3d at 704. As Mr. Bridgers pled guilty under the "possess in furtherance" prong of § 924(c), the rationale of *Bailey* is in applicable to his case. [DE 52 at 4]. Thus, Mr. Bridgers' claim is procedurally defaulted and he is precluded from raising it here.

2. Guideline Errors

Mr. Bridgers alleges that his sentence should be vacated because the Court made numerous errors in calculating his advisory guideline range. As with his innocence claim, *supra*,

3

Mr. Bridgers' claims are procedurally defaulted because he did not appeal his sentence. *Bousley v. United States*, 523 U.S. 6154, 522 (1988). He has not demonstrated cause or prejudice, nor can he be "innocent" of the guideline errors. *United States v. Mikalajunas*, 186 F.3d 490, 496 (4th Cir. 1999). Thus, petitioner is precluded from bringing these claims in a § 2255 motion.

Even if he had not procedurally defaulted, however, Mr. Bridgers would not be entitled to relief. Guideline miscalculations do not "amount to a miscarriage of justice" such that they are cognizable on collateral review. *Mikalajunas*, 186 F.3d at 496; *see also United States v. Pregent*, 190 F.3d 27, 283–84 (4th Cir. 1999) (holding that § 2255 applies to violation of statutory maximum sentences but not to errors in guideline calculations); *United States v. Foote*, ---F.3d--, 2015 WL 1883538, *10 (4th Cir. 2015) (holding that misapplication of career offender enhancement does not amount to a miscarriage of justice). Given the Fourth Circuit's recently holding in *Foote* that misapplication of the career offender enhancement, which drastically enhances a defendant's guideline range, does not amount to a miscarriage of justice, the Court cannot conclude that Mr. Bridgers' claimed guideline errors, which are not as drastic as misapplication of the career offender enhancement, effected a miscarriage of justice such that they are cognizable on collateral review.

3. Ineffective Assistance of Counsel

Mr. Bridgers also claims that his counsel was ineffective for 1) advising him to enter a guilty plea; 2) failing to argue that he was not liable under § 924(c); 3) failing to challenge his criminal history category and the leadership enhancement at sentencing; 4) failing to obtain records to challenge the drug weight attributable to him; and 5) failing to challenge the use of drugs other than heroin to calculate his advisory guideline range. The standard for ineffective assistance of counsel claims was laid out in *Strickland v. Washington*, 466 U.S. 668 (1984).

Petitioner must first show "'that counsel's performance fell below an objective standard of reasonableness.'" *Sharpe v. Bell*, 593 F.3d 372, 382 (4th Cir. 2010) (quoting *Strickland*, 466 U.S. at 688). "Judicial scrutiny of counsel's performance must be highly deferential, and a reviewing court must avoid the biases of hindsight." *Id.* (internal quotation omitted). Second, petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. To show prejudice when challenging a guilty plea, petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Petitioner's claim that his counsel was ineffective for advising him to enter a guilty plea is predicated upon a 2013 memorandum from the Attorney General. [DE 123–2 at 14]. The memorandum stated that the Department of Justice would not charge a quantity necessary to trigger a mandatory minimum in certain cases. *See* Memorandum from the Attorney General (August 12, 2013), *at* http://www.justice.gov/sites/default/files/oip/legacy/2014/07/23/ag-memo-department-policypon-charging-mandatory-minimum-sentences-recidivist-enhancements-in-certain-drugcases.pdf (last accessed June 4, 2015). The memorandum excluded from consideration defendants whose relevant conduct involved the possession of a weapon. *Id.* Mr. Bridgers's case involved a firearm, as evidenced by the § 924(c) charge. Accordingly, counsel's decision not to rely on this memorandum in order to argue for a different plea agreement, if he indeed made one, was objectively reasonable, and petitioner's ineffective assistance claim regarding plea negotiations fails.

Petitioner's second claim—that his lawyer was ineffective for not arguing that he was innocent of § 924(c) pursuant to *Bailey*—fails because it is clear from the record that *Bailey*

5

would not have helped petitioner, as discussed *supra*. Accordingly, petitioner cannot demonstrate that counsel's decision not to challenge his innocence on the basis of *Bailey* fell below an objective standard of reasonableness.

Mr. Bridgers also alleged that his counsel was ineffective for failing to challenge his criminal history category and the leadership enhancement at sentencing. Counsel did, in fact, challenge the leadership enhancement at sentencing, so petitioner's claim as to the enhancement is moot. [DE 65 at 22; DE 128 at 9]. Petitioner's claim as to his criminal history is predicated upon the Fourth Circuit's decision in *United States v. Davis*, 720 F.3d 215 (4th Cir. 2013), which held that a consolidated sentence under North Carolina law is one sentence for purposes of counting criminal history points. The offenses referenced by Mr. Bridgers, however, were not consolidated under one docket or judgment. [DE 65 at 9–10, ¶¶ 32–34; 11, ¶¶ 36, 38. As a result, he can demonstrate neither that his counsel's performance fell below an objective standard of reasonableness nor the requisite prejudice.

Petitioner's remaining two ineffective assistance claims likewise fail. The Court ultimately removed all of the drug weight except for heroin, so Mr. Bridgers's claim as to counsel's failure to challenge the inclusion of drugs other than heroin is moot. [DE 96; DE 128 at 15]. Similarly, though Mr. Bridgers argues that his lawyer should have gotten jail records in order to lower the amount of drugs for which he was held responsible, the amount of drugs to which petitioner pled guilty triggered defendant's base offense level. Accordingly, even assuming counsel's failure to get the records was objectively unreasonable, petitioner cannot demonstrate the requisite prejudice and his ineffective assistance claim fails.

All of Mr. Bridgers's arguments fail as a matter of law. Accordingly, there is no need for the Court to hold a hearing and the government's motion to dismiss must be granted.

6

Case 5:13-cr-00183-BO   Document 134   Filed 06/05/15   Page 6 of 7

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and any dispositive procedural ruling dismissing such claims is also debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss [DE 129] is GRANTED and petitioner's motion to vacate [DE 123] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED this 5 day of June, 2015.

	TERRENCE W. BOYLE
	UNITED STATES DISTRICT JUDGE